IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAREA JACKSON** | : | **CIVIL ACTION** |
| *Plaintiff pro se* | : | |
| | : | |
| v. | : | **NO. 23-CV-4336** |
| | : | |
| **ALONDA JACKSON** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 NOVEMBER 21, 2023

      Plaintiff Sharea Jackson, proceeding *pro se*, has filed a Complaint against Alonda Jackson.[1] ("Compl." (ECF No. 2.))  Jackson has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)  For the reasons set forth, Jackson will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

**I.     FACTUAL ALLEGATIONS**[2]

      Jackson claims that Alonda engaged in fraud when she obtained Jackson's personal information and used it to obtain "PUA" funds. (Compl. at 4).  On the form Complaint Jackson used to file her case, she checked the box indicating she seeks to invoke the Court's federal question jurisdiction.  (*Id*. at 3.)  According to the Complaint, in or about June 2021, at Jackson's home in Philadelphia, Alonda asked to become Jackson's home health aide.  (*Id*. at 4.)  Jackson provided information to permit Alonda to apply for a position through a home health agency, but

---

[1] Because the parties have the same last name, for clarity, the Court will refer to the Defendant by her given name.

[2] The allegations set forth in this Memorandum are taken from Jackson's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

ultimately changed her mind and hired a more suitable aide.  (*Id*.)  Alonda allegedly retained Jackson's personal documents and used them to apply for "PUA" in Jackson's name.[3]  Jackson alleges that Alonda received the PUA funds in Jackson's name, "bragged about it and took lavish trips with the money."  (*Id*.)

Based on the foregoing, Jackson asserts a fraud claim against Alonda.  (*Id.* at 4.)  She seeks an award of money damages in the amount of the "full PUA Amount and pain/suffering."  (*Id*. at 5.)

## II. STANDARD OF REVIEW

Because it appears that Jackson is not able to pay the applicable filing fee, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies.  This statute requires the court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

---

[3] To help alleviate the pandemic-induced hardships suffered by those across the country, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  15 U.S.C. § 9001, *et seq*.  The CARES Act created temporary federal unemployment benefits to supplement state benefit programs.  *See* 15 U.S.C. § 9021.  These programs, which expired on September 6, 2021, included Pandemic Unemployment Assistance ("PUA"), which expanded unemployment benefits for up to 39 weeks.  Although it is not entirely clear, Jackson's use of the acronym appears to refer to this program.  *See* https://pua.benefits.uc.pa.gov/vosnet/default.aspx (last accessed November 20, 2023).

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Jackson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Although Jackson checked the box on the form Complaint indicating she seeks to invoke the Court's federal question jurisdiction, she claims only that Alonda committed fraud when she applied for and obtained PUA funds in Jackson's name.[4] (Compl. at 3, 4.) However, a fraud claim

---

[4] The Court notes that, to the extent Jackson may seek to pursue a claim for PUA funds under the CARES Act, Courts have held that there is no private right of action available related to distribution of monies under the Act. *Thompson v. U.S. Dep't. of Treasury Internal Revenue Serv.*, No. 23-3103, 2023 WL 4744751, at *3 (D.N.J. July 25, 2023); *see also Graham v. Payne*, No. 21-888, 2022 WL 815138, at *2 (N.D. Ind. Mar. 17, 2022) (holding that there is no private right of action to enforce the CARES Act provisions establishing the PUA program); *Moss v. Lee*, No. 21-CV-561, 2022 WL 68388, at *6 (D. Tenn. Jan. 6, 2022) ("there is no private right of action under the CARES Act for supplemental federal benefits") (reconsideration denied, 2023 WL 184115).

cannot support federal question jurisdiction, because it does not arise under the Constitution, laws, or treaties of the United States. Thus, there appears to be no other plausible basis for the exercise of federal question jurisdiction.

Moreover, diversity jurisdiction is not available under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

An individual is a citizen of the state where she is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344.

Jackson does not allege her own citizenship. Rather, she provides only a Philadelphia, Pennsylvania address for herself. She also provides an address in Philadelphia, Pennsylvania for Alonda. (Compl. at 1, 2.) Thus, on the face of the Complaint, Jackson has failed to meet her burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims she intends to pursue.

Even if the citizenship of the parties was properly pled, Jackson does not satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted). Here, Jackson seeks recovery of "the full PUA Amount and pain/suffering," but does not allege that this amount is in excess of the jurisdictional limit of $75,000. (Compl. at 5.) Accordingly, diversity jurisdiction is lacking.

## IV.   CONCLUSION

For the reasons stated, Jackson's motion for leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to § 1915(e)(2)(B). No leave to amend will be granted because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Rather, Jackson may pursue her state law fraud claim in a Pennsylvania state court with appropriate jurisdiction. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*